The first case is the United States of America v. Jeffrey Ritter. Ready to proceed? Yes, Your Honor. Good morning, Your Honors. My name is Brendan White. I represent Appellant Jeffrey Ritter. This is a sex offender registration case, and here the district court applied a sentence and guidelines range four levels too high because it didn't use the categorical approach under sentence and guideline 283.5, and counsel was ineffective in failing to object to that or otherwise take note of it. The first question is whether this court should apply the categorical approach to determine the correct tier. Isn't there a more primary question that's about the appeal waiver? I suppose so. It's certainly a question. What you want to do is enforce a contract right that he had some perception of a promise or should have had a right to rely upon a sentencing range. The agreement specifically disclaims any right to rely upon a sentencing range and has an appeal waiver then written into it. How can he come in here and say, I relied on the representation what the range was when he acknowledged in open court when the judge asked him that he couldn't rely on it, it could be inaccurate, proved to be inaccurate. Now he says it's ineffective assistance to counsel, and curiously, he doesn't want his plea back. He says it was he's trying to enforce a contractual right to a sentencing range. But he doesn't, but he, you can't find a promise of a sentencing range in there that he could rely on. I would characterize that differently, Your Honor. I'm sure you would, but I don't think you would do so accurately. What happened, ultimately. Well, why don't you and I look at the language and tell me where I'm wrong about it. Let's look at the language of what was asked of him, and hang on here, I'm going to get there in a second. I apologize. No, that's okay. I don't think you are here. The judge specifically asked him. We're looking at appendix page 29, Your Honor? Yeah. I mean, how can he rely upon a sentencing range when he knows that it can be overlooked and is not binding on anybody? Ultimately, a waiver of the right to appeal is always going to be contingent on that waiver itself having been knowing and telling. I understand that. And so in open court, the judge says to him, you understand that the sentencing range is not set, and it can be wrong. It can be wrong. We can't rely on it. Yes, I understand it. So I don't understand how he then turns around and says, well, I relied on it because my lawyer told me, gave me the wrong sentencing range. You can't rely on something when someone tells you you can't rely on it. I mean, that's bad contract law. You're trying to enforce the sentence promise. It would be one thing if the agreement said the sentencing range will be X, and if the contract says to not give me X, I'll be allowed to withdraw my plea. But that's not what you want. You want to say, I was told I couldn't rely on it, but the only reason why I plead guilty was I was told the fact upon which I knew I couldn't rely. That's really lousy contract law. Ultimately, though, Your Honor, and again, I have to characterize this differently from you, he's not seeking to enforce a contract promise with respect to the length of the sentence. He most definitely is. He says that I relied on what my – I – the lawyer told me the wrong – what wrong – the tier that I would be in, which affects the sentencing range. I relied on that. But the judge said to him, this can be wrong. And he says, okay, I'll go ahead with it. He is – he's arguing that the judge was wrong in imposing a sentence that was legally incorrect. And that's specifically what he knew could happen. He knew that could happen. He knew that they could be wrong as to the characterization. And he waived his right to appeal. He knew that his attorney could have given him incorrect information. That's different from the – Let me ask you this. We agree with you. Say we agree with you, but we disagree with you what the remedy is, and that what we decide to do is to vacate his plea. Are you prepared – has your client authorized you to accept the remedy of that he would force – he would face the full prosecution on this claim? The only answer I can give you, of course, is that I have not discussed that with him. Well, you had to consider it, didn't you, because you're attacking the voluntariness of his plea, what you're really doing. We're really just trying to get the correct sentence here. The sentence that he said, I understand. I don't have a right to rely on. I don't get it. It's very hard to imagine a scenario in which an attorney tells a client, you are giving up any right to appeal this sentence, but just so you know, I'm way off on this. The sentence is actually incorrect. It should really be here. Now, agree to sign this anyway. It's very hard to imagine under those circumstances. The judge said to him, you know the calculation is not binding on anybody and it could be wrong. And if it's wrong, the government has the right to ask for a greater sentence. And he said, I understand that. Tell me then what he was relying on. He didn't say, oh, wait, wait. No, he didn't say, oh, wait. They told me it was this. Maybe it's wrong, but I don't know. That's not what he said. He said, I agree. I don't understand. These happen all the time. I know. As you know, we all know that attorneys get them wrong often. There's lots of buyer's remorse. They get them wrong. I wouldn't characterize that that way either. The attorneys give incorrect advice. They often, often just say, believe me, you'll get three years for this. That happens all the time. We all know that. Why did the government ask for appeal waivers in these things? But here, the attorney, it wasn't a mistaken estimate. He got the law wrong. It's as simple as, a defendant is entitled to rely more than just on an estimate or a gut feeling by the attorney. When the attorney says, this is what the law is and this is, he has no reason to believe that that would be wrong. That's ineffective assistance in its purest form. Incorrect advice on the law. The question is, was he entitled to rely on it? And I would suggest to you, he's not. So obviously, I take the position that he was. If he can't rely on it, how is he prejudiced? I take the position, of course, that he could rely on it, and that what else can a defendant do other than rely on his attorney's legal advice? I'd like to ask you about the consecutive concurrent sentence issue. The government, in its brief, points out that your argument is under 5G 1.3 of the guidelines. It had to be a concurrent sentence. The government points out, though, that the New York convictions included, other than sexual assault, included two counts of assault and robbery. So, 5G 1.3b only applies where there's complete overlap. I didn't see any response in your reply brief to that argument, though, whether 5G 1.3b applies under these circumstances, where there's some relevant conduct, but not complete. Did you want to respond to that? I'm aware of the case law the government cited in its favor. Our argument, frankly, is principally equitable, that had the defendant been charged federally here, it would have all been one sentence, and he is, because of the unfortunate fact that he was charged separately in federal and state court, he gets hit with this extra five years. I'm aware of Slutskin and the other cases that have held differently. I respectfully request that the court, which, by the way, if I recall correctly, was an unreported case, I respectfully request that the court hold the equity demands that he be sentenced concurrently here. Thank you, Mr. Williams. Thank you, Your Honors. Mr. Harris? Good morning. My name is Ryan Harris, and I represent the government in this appeal. Ritter's challenge to the district court's sentencing guidelines is clearly barred by the appellate waiver in this plea agreement. This court has repeatedly held that such appellate waivers are presumptively enforceable. Can I just follow up on this? Judge Wesley was asking a lot of questions about this. What about the ineffective assistance claim? It seems a bit unclear. What do you do with an appellate waiver when there's a claim of ineffective assistance of counsel as the basis for the appeal? The cases that have been mentioned don't seem to really deal with that. They seem to be there's something wrong with the plea, there's something wrong with the sentencing, but they don't say, look, my lawyer was deficient because he didn't tell me that the tier three thing here was wrong. Your Honor, I would point to a few cases. To the extent that he's asserting an ineffective assistance of counsel claim in connection with his plea, to satisfy the prejudice prong of Strickland, under Hill v. Lockhart, he must assert that there's a reasonable probability that he would have withdrawn his plea and gone to trial if he had received correct advice. Of course, he's never asserted that in his appeal papers, and even on appeal now, he did not argue that that's the remedy. Does he have the right to pursue this in a 2255, though? He does have a right to file a 2255, Your Honor, but we would argue it's meritless. First of all, under United States v. Sweeney, this Court has held that an attorney's erroneous estimate of a sentencing guidelines calculation does not constitute ineffective assistance of counsel. I'd point the Court to that case from Second Circuit, 1989, in which this Court wrote, quote, the law in this circuit is clear that a defendant is not entitled to withdraw a guilty plea simply because his attorney erroneously predicted his sentence. That was a case in which he had asserted. That was a withdrawal of guilty plea case, right? Yes, Your Honor. But in that context, he had asserted that his attorney, he should be allowed to withdraw his plea because his attorney was constitutionally ineffective. Now... His claim really is that his plea is not knowing and voluntary. Yes, Your Honor, and... His claim is because it was his accession to this, his premise done, an estimate by his lawyer as to what his sentencing exposure was, which was wrong. The premise is that they all presume he was told of the higher sentence and got it and now says, well, it should have been a lower sentence. So what he's trying to do is he's trying to correct the error by saying that, I mean, it's... I don't know how he gets away from knowing and voluntary and the remedy for that is to vacate his plea, not to give him a contractual right to correct the error. I just don't see how he's prejudiced myself. That's correct, Your Honor. As an initial matter, I'd quote the Court the language from the United States v. Gomez-Perez, in which this Court wrote, an improper application of the guidelines is not a reason to invalidate a knowing and voluntary waiver of appeal rights. That's precisely what he's alleged here. Of course, the government disputes that there was any such error. However, the plain language of the plea agreement and the allocution makes clear that his plea was knowing and voluntary. The plea agreement made clear that the guidelines calculation contained was simply an estimate. It addressed the possibility that that estimate could be incorrect, noting that this guesstimate was not binding on the government, probation, or the Court, and that if it was erroneous, this would not serve as a basis to withdraw his plea. It also, with respect to the appellate waiver, noted, quote, this waiver is binding without regard to the sentencing analysis used by the Court. And all of this, of course, has gone over by the district court at the plea allocution. Under these circumstances, Ritter simply cannot assert that his plea was not knowing and voluntary. And this Court has addressed these precise circumstances before in the United States v. Castillo, in the United States v. Regi, in the United States... In the Tier 3 designation, though, is there some argument to be made that the categorical approach applies to that in applying the Nebraska conviction to the Federal statute? Your Honor, first, it's the government's position that the Court not even reach the merits of the question of whether his guidelines calculation was correct or not. First, because a direct challenge to the guidelines calculation, the district court's guidelines calculation is barred by the appeal waiver. And second, his ineffective assistance counsel's claims do not get there either. However, the Court, with respect to whether or not he was properly categorized as a Tier 3 offender, the government's position is that he was, because his Nebraska conviction is comparable to the Federal sexual abuse statute. There is this question about whether the categorical approach would apply, and Damaya may answer that question. Do you agree that there's some area for disagreement about that? Your Honor, there is some area for disagreement on that. This Court has never addressed that question, and again, I think that it's important to note that at the time of his plea and sentence, there was no binding case law on whether or not the categorical approach applied here. Again, going to the question of whether or not his attorney could be constitutionally ineffective, where there was no binding case law on this question one way or the other. This Court has previously held that an attorney is not required to anticipate changes in the law. The other point I do want to address is to the extent that Ritter is asserting, and I believe he is, an ineffective assistance counsel of claim in connection with his sentencing. This is essentially an attempt by Ritter to circumvent the appellate waiver in his plea agreement, and should be emphatically rejected by the Court. It has done so in the past. Specifically, I'd like to point the Court towards the United States v. Williams case and the United States v. DiGelovich cases. In Williams, this Court wrote, quote, a defendant may not dress up a challenge to the correctness of his sentence as a Sixth Amendment claim for ineffective assistance of counsel by arguing the deficiency of his counsel's performance, not at the time of the plea, but at sentencing. And in the DiGelovich case, it explained the reasons for that, writing, quote, if we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless. This we decline to do. That's precisely what Ritter is attempting here, to the extent that he is asserting an ineffective assistance of counsel claim in connection with this sentence, to get around the appeal waiver, to challenge what he really is doing is the district court sentencing guidelines calculation. Now, the Court had a few questions for my colleague about the consecutive sentence determination, and I'd just like to briefly address that as well. The district court did not err in imposing a consecutive sentence here. The government does not dispute that this claim was not barred by the appeals waiver. However, the decision to impose a consecutive sentence was not error. Ritter is serving a 15-year New York State sentence based off of five different convictions, all arising from the same occurrence, the brutal rape and robbery of a woman in New York City. Now, in calculating his total offense level here, the district court took into account his two sex offense convictions, but did not take into account his robbery or assault convictions. Application Note 2A of Section 5G1.3 makes clear that Subsection D applies in those circumstances. And Subsection D, of course, gives the district court discretion whether or not to impose a consecutive or concurrent term. This Court and other courts have come to that same conclusion in the United States v. Slutskin case, and the Fourth Circuit in the United States v. Arnold cited in our brief, and the Sixth Circuit in the United States v. Hall also cited in our brief. If the Court has no further questions, I'm happy to rest on my papers. Thank you. Thank you. Mr. White, you've got a couple minutes. Thank you, Your Honors. Just to get back to the categorical approach issue, it's correct. What I am trying, I'm not trying to take back Mr. Ritter's guilty plea here. This Court and other courts have long held that an appeal waiver can be ruled unenforceable if it was knowing, if it was not knowing, intelligent, or involuntary. The remedy, obviously, is to allow the appeal to go forward on the merits. And the argument I'm making is that on the merits he should have received a lower sentence because the Court calculated the guidelines incorrectly. And ultimately, because of the way things played out, it does require an argument that counsel rendered ineffective assistance of counsel regarding the plea negotiations. But this Court has held in Parisi, in Reddy, and other cases that the process of reaching the plea agreement itself can be harmed by ineffective assistance of counsel. So the question, frankly, of whether or not he would take his plea back isn't really relevant here. This isn't a plea case. It's a sentencing case. And the only question is whether or not the Court should address it on the merits because counsel allowed defendant to sign an appeal waiver that was blatantly legally incorrect. And the Court should, frankly, address the question of whether the categorical approach applies here. And based on the fact that every other court that has addressed that question has ruled, yes, it does. This Court has ruled that in other contexts. And the government did not oppose the categorical approach being used here. I think it should get to the merits in which the Court should reach the conclusion that the Nebraska statute was categorically broader than the federal sex offense statutes and therefore it should be a Tier 1 case rather than Tier 3. Thank you, Your Honor.